**Ronald J. KOGUT, Petitioner**

v.

**Michael J. ASHE, Jr., Respondent.**

**Civil Action No. 08–30124–MAP.**

United States District Court,
D. Massachusetts.

Dec. 31, 2008.

Annette C. Benedetto, Department of Attorney General, Boston, MA, for Respondent.

---

**1.** Respondent Michael J. Ashe, Jr., Sheriff of the Hampden County Jail, is no longer a proper party, following Petitioner's transfer to the Worcester County Jail. This technical de-

*MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS* (Dkt. No. 11)

PONSOR, District Judge.

## I. *INTRODUCTION*

Respondent Michael J. Ashe, Jr., moves to dismiss a *habeas* petition brought by Petitioner Ronald J. Kogut pursuant to 28 U.S.C. § 2254.

For the reasons stated below, this motion will be denied. The court will order the parties to submit affidavits describing: (1) the nature of Petitioner's disability or disabilities, if any; (2) the jail work programs for which Petitioner applied; (3) whether Petitioner was denied access to jail work programs and the reason(s) for such denial(s); and (4) whether Petitioner had access to alternative programs that offered good-time credits.

## II. *FACTS*

Petitioner was convicted in 2006 of assault and battery and violating an abuse prevention order. He is serving his sentence at the Worcester County Jail.[1] His convictions were affirmed on direct review. *Commonwealth v. Kogut,* 70 Mass.App.Ct. 1116, 2007 WL 4441064 (2007).

On June 26, 2008, Petitioner filed this *habeas* petition. He alleges that he has been prevented from participating in various jail work programs as a result of discrimination based on his disabilities and that, because of these prohibitions, he is unable to earn good time credits. With such credits, he alleges that he would have been released from jail on October 9, 2008. He alleges that the state has violated the

tail does not affect the court's reasoning, but counsel for Respondent should file a motion to substitute.

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 *et seq.*, by excluding him from these work programs.

On August 6, 2008, Respondent filed the present Motion to Dismiss. Dkt. No. 11. He makes two principal arguments: (1) that *habeas* petitions are limited to challenges to convictions and that Petitioner should have filed suit under the ADA; and (2) that the federal Constitution does not recognize a due process-based liberty interest in obtaining good-time credits and thus Petitioner fails to state a cognizable claim for relief.

### III. *DISCUSSION*

The *habeas* statute provides, in relevant part, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The legal issue now before the court is whether a violation of the ADA constitutes the type of violation of the laws of the United States that may, in some circumstances, justify *habeas* relief. The court concludes that it may, that Petitioner may have a colorable claim for *habeas* relief, and that dismissal of the petition would be improper at this time.

*Habeas* petitions are proper where a state prisoner challenges the "fact or duration" of his or her confinement. As will be seen below, governing precedents hold that a *habeas* court may entertain claims under federal statutes and that Title II of the ADA applies to state prisons. That Petitioner lacks a Due Process Clause-based right, generally, to prison work does not warrant dismissal of his petition where the heart of his claim is

discrimination. Because Respondent's alleged violation of the ADA affects the duration of Petitioner's sentence, his petition for *habeas* review sets forth a cognizable claim for relief.

Since *Preiser v. Rodriguez,* "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Pursuant to cases such as *Preiser,* courts in this district have recognized challenges "to conditions of confinement ... under a habeas petition when some action taken or procedure used by prison administrators creates a likelihood that the period of incarceration will be longer." *Kane v. Winn,* 319 F.Supp.2d 162, 214 (D.Mass.2004) (citations omitted). In these situations, "it is well settled that habeas will lie to challenge detention in violation of a federal statute, regardless of whether any constitutional violation is involved." *Id.* at 208 (citations omitted). Specifically, "it is clear that federal statutes can apply to both federal and state prisoners, and that even state prisoners can raise conditions of confinement claims based on such statutes." *Id.*

The ADA applies to both federal and state prisons. *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). In *Yeskey,* a state prisoner brought a claim under Title II of the ADA alleging that due to his hypertension he was unlawfully refused admission to a Motivational Boot Camp for first-time offenders, the completion of which would have led to his release on parole. *Yeskey,* 524 U.S. at 206, 118 S.Ct. 1952 (1998). In relevant part, Title II of the ADA prohibits the government

from preventing qualified individuals from participating in or receiving the "benefits" of the "services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The *Yeskey* Court held, unequivocally, that Title II of the ADA applies to state prisons and that the Motivational Boot Camp at issue was a "program" that conferred "benefits" on inmates, including the opportunity to obtain an earlier release on parole.[2] *Yeskey*, 524 U.S. at 209–11, 118 S.Ct. 1952.[3]

Here, Petitioner makes at least a colorable claim that the good-time work program at the Worcester County Jail constitutes a "program" that confers "benefits" upon inmates, from which he was unlawfully excluded in a manner that affects the "fact or duration" of his confinement. First, he alleges that he suffers from disabilities which affect his ability to perform certain types of work assigned in the jail. *Habeas* Pet. at 3–4. Second, he alleges that he was "denied any and/or all access" to work assigned through the "County Correctional Facilities Work Programs." *Id.* at 4. He has attached 16 inmate work request forms in support of this claim, *Id.*, Ex. A, and selected medical records, *Id.*, Ex. C. The court makes no finding at this time as to the probative value of these documents on the merits of the underlying *habeas* petition. Instead, they provide an adequate basis for denying the Motion to Dismiss.

Respondent's two principal arguments both fail to address Petitioner's ADA claim.

First, Respondent assumes that *habeas* review is improper simply because Petitioner does not challenge the fact of his conviction. This argument fails to recognize that Petitioner *may* bring a challenge based on duration of his confinement. Respondent's reliance on *Estelle v. McGuire* is misplaced. In *Estelle*, the petitioner argued that the state court judge misinterpreted the state's code of evidence and thus violated his due process rights. The Court held that "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting *habeas* review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–8, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). This petition, of course, does not allege that the Massachusetts trial or appellate courts mistakenly applied state or federal law in violation of the Due Process Clause. Petitioner does, however, contend that the violation of an applicable federal statute has illegally extended the duration of his sentence, a claim that may properly be prosecuted through a *habeas* petition.

■ Second, Respondent points out that there is no freestanding, Due Process Clause-based right of access to good-time credit schemes in prison. *See, e.g., Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74

---

**2.** The *Yeskey* Court did not address Eleventh Amendment questions regarding the validity of Title II of the ADA as applied to states more generally. In *Tennessee v. Lane*, the Supreme Court held that Title II was a valid Congressional abrogation of state sovereign immunity under § 5 of the Fourteenth Amendment with respect to access to courts. *Tennessee v. Lane*, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). Though the

*Lane* decision dealt only with access to courts, the court here assumes, without deciding, that *Yeskey* is still good law after *Lane* and that Title II of the ADA validly abrogates state sovereign immunity with respect to state prisons.

**3.** Significantly, Respondent does not cite or discuss *Yeskey*.

L.Ed.2d 675 (1983); *Wolff v. McDonnell,* 418 U.S. 539, 557, 563–73, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). This proposition is correct as a general matter. However, Petitioner alleges that he was excluded *discriminatorily* from a prison work program in violation of Title II of the ADA. As noted above, the *Yeskey* Court explicitly applied Title II of the ADA to state prisons.

Notably, *Yeskey* involved a situation in which an inmate was denied access to a good-time/prison work program in the first instance, and not stripped of good-time already earned in possible violation of the Due Process Clause. *Wolff,* 418 U.S. at 563, 94 S.Ct. 2963. *Yeskey* governs this case, not *Hewitt,* and Respondent's Due Process Clause-based arguments do not apply.

Moreover, where the First Circuit has permitted the exclusion of inmates from good-time credit programs, the relevant regulations have excluded whole classes of inmates. For example, in *Wilder v. Marshall,* an unpublished case, the First Circuit approved the exclusion of sex offenders from good-time programs and held that the blanket ineligibility was properly applied as part of the sentence. *Wilder v. Marshall,* 1996 WL 374983, 1996 U.S.App. LEXIS 16046 (1st Cir. July 5, 1996). Here, Respondent does not allege that Petitioner is a member of a class properly excluded from the relevant good-time credit programs such that the exclusion is part of the sentence.

In sum, while an inmate may have no right under the Constitution to credit for good-time, he may not under Title II of the ADA be barred, based on discrimination arising from his disability, from work programs that may have the *effect* of reducing his sentence. Such discrimination may form the basis for *habeas* relief.

Though the court will deny Respondent's Motion to Dismiss, it expresses no view of the merits of the underlying *habeas* petition. The factual record before the court is insufficient for such a determination at this time.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 11) is hereby DENIED. The parties are ordered within thirty (30) days of the date of this memorandum to submit affidavits describing: (1) the nature of Petitioner's disability or disabilities, if any; (2) the jail work programs for which Petitioner applied; (3) whether Petitioner was denied access to jail work programs and the reason(s) for such denial(s); and (4) whether Petitioner had access to alternative programs that offered good-time credits. These affidavits should be accompanied by memoranda addressing Petitioner's substantive claims. Either party may request an evidentiary hearing. The court will thereafter set the petition for hearing or rule on the papers.

It is So Ordered.