Ronald J. KOGUT, Petitioner

v.

Michael J. ASHE, Jr., Respondent.

Civil Action No. 08–30124–MAP.

United States District Court,
D. Massachusetts.

March 11, 2009.

252

Annette C. Benedetto, Department of Attorney, Boston, MA, Thomas E. Day, Edward J. McDonough, Jr., Egan, Flanagan & Cohen PC, Springfield, MA, for Respondent.

### MEMORANDUM AND ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS

PONSOR, District Judge.

#### I. INTRODUCTION

Petitioner Ronald J. Kogut seeks a writ of *habeas corpus* pursuant to 28 U.S.C.

§ 2254 on the ground that he has been discriminatorily excluded from good-time programs, in violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C. §§ 12201 *et seq.* He claims that, absent this discrimination, he would have been entitled to early release from prison.

For the reasons set forth below, the Petition will be ordered dismissed. Judgment will be entered for Respondent.

#### II. FACTS

Petitioner was convicted in 2006 of assault and battery and violating an abuse prevention order. He is serving his sentence at the Worcester County Jail.[1] His convictions were affirmed on direct review. *Commonwealth v. Kogut*, 70 Mass.App.Ct. 1116, 2007 WL 4441064 (2007).

On June 26, 2008, Petitioner filed this *habeas* petition. Dkt. No. 1. He alleges that he has been prevented from participating in various jail work programs as a result of discrimination based on his disabilities and that, because of these prohibitions, he is unable to earn good-time credits. With such credits, he alleges that he would have been released from jail on October 9, 2008.

On December 31, 2008, 592 F.Supp.2d 204 the court denied Respondent's Motion to Dismiss, Dkt. No. 11, and ordered the parties to submit affidavits describing: (1) the nature of Petitioner's disability or disabilities, if any; (2) the jail work programs for which Petitioner applied; (3) whether Petitioner was denied access to jail work programs and the reason(s) for such denial(s); and (4) whether Petitioner had ac-

---

1. Respondent Michael J. Ashe, Jr., Sheriff of the Hampden County Jail, is no longer a proper party, following Petitioner's transfer to the Worcester County Jail. However, Respondent has waived this issue and no motion to substitute has been filed. Dkt. No. 26 at 1 n. 1.

cess to alternative programs that offered good-time credits. 592 F.Supp.2d 204. At that time, the court "expresse[d] no view of the merits of underlying habeas petition" because "[t]he factual record before the court" was "insufficient for such a determination at [that] time." *Id.* at 208.

On January 14, 2009, Petitioner filed the required affidavit. Dkt. No. 17, Kogut Aff. On February 6, 2009, Respondent filed affidavits from Brian Liebel, Health Services Administrator of the Hampden County Correctional Center, Dkt. No. 25, Liebel Aff., and Robin Powell, assistant superintendent at the Hampden County Correctional Center. Dkt. No. 26, Powell Aff. Respondent also filed a Memorandum of Law. Dkt. No. 26.

Petitioner avers that due to his medical conditions, such as hepatitis and the ongoing effects of a stroke, he was denied access to a number of work programs, including jobs as a cell block worker, jail library staff member, kitchen worker, and furniture builder. He alleges that "medical reasons" were offered to justify these denials.

Respondent has submitted largely undisputed evidence that, despite Petitioner's disruptive, vulgar, threatening and violent behavior, he was in fact given access to numerous work programs. Respondent demonstrates that Petitioner completed some programs but either quit or was properly removed from others. Respondent cites to disciplinary issues, including fights with other inmates and threats to and harassment of staff members, as legitimate reasons for removing Petitioner from certain programs and denying him access to others.

## III. *DISCUSSION*

■ In its December 31, 2008 Memorandum & Order, the court held that allegations of violations of the ADA that af-

fected the fact or duration of Petitioner's confinement could, if properly supported by the facts, provide adequate grounds for *habeas* relief. *Kogut,* 592 F.Supp.2d at 208. Now that the factual record has been developed by the parties, the merits of the underlying *habeas* petition are ripe for disposition.

■ Title II of the ADA declares, in relevant part, that "no qualified individual with a disability shall, by reason of such disability be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA applies to both federal and state prisons. *Pennsylvania Dep't of Corr. v. Yeskey,* 524 U.S. 206, 209–11, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998).

■ Under the ADA, Petitioner must show: (1) that he was a qualified individual with a disability; (2) that he was excluded from participation in a service, program, or activity; and (3) that such exclusion or discrimination was by reason of his disability. *Kiman v. N.H. Dep't of Corr.,* 451 F.3d 274, 283 (1st Cir.2006). Federal regulations require public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." *Id.* (quoting 28 C.F.R. § 35.130(b)(7)). Disciplinary issues and concerns over prison security may be legitimate non-discriminatory grounds for limiting access to a jail program. *Id.*

The record now clearly demonstrates that Petitioner was not denied access to good-time programs in violation of the

ADA.[2] It is undisputed that Petitioner has been the subject of over thirty incident reports for the harassment of staff, fights with other inmates, and other disciplinary infractions. Powell Aff. at ¶ 3. Several of these incidents required Petitioner's segregation from the general prison population. *Id.* In addition, Petitioner was afforded access to a number of programs, many of which he did not complete due to unsatisfactory participation or disciplinary issues. *Id.* at ¶ 4.

Further, Petitioner frequently failed to meet with doctors for sick calls and other medical appointments. Liebel Aff. at ¶ 5. During some sick calls, he threatened staff but was still checked for various alleged ailments. Clinicians concluded that he did not suffer from many mental or physical maladies that could be corroborated upon examination. *Id.* at ¶¶ 81, 92, 119, 127, 149. The court passes no judgment upon Petitioner's overall medical history. The record merely shows that these conditions, assuming they existed, were not the basis for his exclusion from some programs.

Significantly, Petitioners' own filings fail to provide evidence, beyond his conclusory allegations, that he was, in fact, denied access to any programs for discriminatory reasons. Kogut Aff. ¶¶ 2–9. He documents his medical conditions but fails to show that Respondent discriminated against him because of them. Kogut Aff. Ex. A–D.

## IV. *CONCLUSION*

The facts of record here fail to demonstrate that Respondent denied Petitioner access to work programs and potential good-time on the basis of his disabilities in violation of the ADA.

---

**2.** The court will assume, for purposes of this memorandum, that Petitioner was a qualified person with a disability.

For the foregoing reasons, the *habeas* petition, Dkt. No. 1, is hereby ordered DISMISSED. The clerk will enter judgment for Respondent. The case may now be closed.

It is So Ordered.